897 F.2d 1168
 283 U.S.App.D.C. 146
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
INSURANCE CO. OF NORTH AMERICA
v.
DSI, INC.
 No. 89-7156.
 United States Court of Appeals, District of Columbia Circuit.
 March 19, 1990.
 
 Before STEPHEN F. WILLIAMS, Circuit Judge, and SPOTTSWOOD W. Robinson, III and WILLIAM H. Timbers*, Senior Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case occasions no need for a published opinion. See D.C.Cir.Rule 14(c). We affirm the district court's grant of summary judgment in favor of DSI, Inc. for substantially the reasons stated in its Memorandum Opinion and Order of June 1, 1989. See Joint Appendix 79-86. We uphold the district court's striking of INA's second affirmative defense for the reasons stated in the attached memorandum.
 
 
 2
 ORDERED and ADJUDGED that the decision of the district court is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 We affirm the district court's striking of appellant-defendant Insurance Company of North America's second affirmative defense. By this defense INA sought to use the costs allegedly incurred by its insured (Mergentime) as a result of DSI's delivery of defective steel beams for one construction project (the U Street Metro station) as an offset to DSI's claim, here, for the purchase price of steel delivered for use at another construction project (the Navy Yard Metro station). See Answer of INA, J.A. 45.
 
 
 5
 In arguing for the admissibility of these costs as a defense--they clearly could be pursued as a counterclaim, but are not--, INA rests on the premise that they arise out the same contract, and acknowledges that it does not pursue on appeal any theory by which they might be included if they arose out of a different contract. Reply Brief of INA at 11. The district court found the purchases of beams relating to the U Street and Navy Yard Metro stations to be two separate contracts, J.A. 79-80, and we may disturb the finding only if INA has " 'set forth specific facts showing that there is a genuine issue for trial.' " Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting Fed.R.Civ.P. 56(e)).
 
 
 6
 INA's affidavits fail to raise a triable issue of fact to support its claim that the transactions were one. Different purchasing officers for INA's insured made the final oral agreements with respect to the two projects. Each group of deliveries was evidenced by a separate set of invoices, 26 for the Navy Yard project, eight for the U Street one. INA concedes that the U Street purchase was undertaken "in the name of [a] joint venture," consisting of Mergentime and another party, Perini. INA's Brief at 26. Perini is not involved in any way on the Navy Yard project.
 
 
 7
 INA offers only the most limited proof that the U Street and Navy Yard projects constituted one contract between Mergentime and DSI. First, it says that DSI had dealt only with Mergentime in arranging the purchase of steel beams (not Perini), and that the two purchasing agents went to the site at the same time to earmark beams for the two projects; all that either of these facts could do is to modestly qualify the affirmative evidence of two contracts. Second, it notes that some of the beams delivered to the U Street project were ultimately used in the Navy Yard project, but it is hard to see why Mergentime's unilateral choices as to use of the beams should have much effect on the characterization. In light of the uncontroverted evidence cited above, none of these assertions give us any basis to disturb the district court's judgment.
 
 
 8
 Disallowing INA the opportunity to raise the affirmative defense in this action has little practical impact. There is no obstacle to its pressing the same claim in the suit relating to the U Street purchase, currently pending before Judge Oberdorfer, Case No. 88-0739, and it is evidently doing so.
 
 
 
 *
 Of the United States Court of Appeals for the Second Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)